

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-2007

# Butler v. Meyers

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4988

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Butler v. Meyers" (2007). *2007 Decisions.* Paper 930.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/930

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4988

TERRY BUTLER,
                    Appellant

v.

ROBERT W. MEYERS; S. MEYERS, C.O.;
JOHN SYMONS, M.D.; Mrs. DONNA ALTERS;
PAUL KENSINGER, C.O.; THOMAS JAMES;
SHARON BURKS; FRANKLIN J. TENNIS

On Appeal From the United States District Court
For the Middle District of
(D.C. Civ. No. 04-cv-00383)
District Judge: Honorable A. Richard Caputo

Submitted Under Third Circuit LAR 34.1(a)
December 5, 2006

Before: BARRY, CHAGARES AND ROTH, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed June 18, 2007)

OPINION

PER CURIAM

Terry Butler appeals the District Court's dismissal of his complaint. For the

following reasons we will affirm.

In 2004 Butler, an inmate at the Rockview State Correctional Institution in Bellefonte, Pennsylvania, filed a civil rights complaint (subsequently amended) pursuant to 42 U.S.C. § 1983 against various employees of the prison. He alleges that defendants Meyers and Kensington could have prevented his assault by another inmate on September 5, 2000, that defendant Symons was deliberately indifferent to his medical needs, and that the remaining defendants have implemented or failed to amend policies limiting his right of access to the courts, namely the library sign-up procedures, a librarian's no-talking policy, and the prison's policy limiting the purchase of bond paper to 25 sheets per inmate per week. According to Butler, these policies, along with his wrongful punishment for his participation in the September 5 incident, impeded his attempts to challenge his conviction, resulting in the default of an appeal in this Court. In particular, he maintains that preparing his actual innocence petition requires at least 30 pages of bond paper, not including the requisite copies required for filing in court. He also presents various related state law claims.

Defendant Symons moved to dismiss Butler's amended complaint for failure to exhaust under 42 U.S.C. § 1997e(a). The District Court granted the motion because although Butler filed grievances challenging the care provided by Symons, Butler conceded that he erroneously appealed to the chief hearing examiner and failed to pursue the final level of appeal. Construing Butler's response to the motion to dismiss as

2

including the argument that exhaustion should be waived because he was not eligible for a paralegal consult and because the prison commissary limits purchase of bond paper to 25 sheets per inmate per week, the court rejected the argument because Butler failed to explain why either factor prevented him from exhausting administrative remedies.

The remaining defendants also moved to dismiss. The District Court agreed that Butler's claims against Meyers and Kensington were barred by the relevant two years statute of limitations. The court also concluded that Butler failed to state a claim of denial of access to the courts because he did not allege an actual injury to his litigation efforts caused by the policies in question. The court explained that although Butler alleged that his attempts to challenge his conviction were impeded, he attributes the default of his appeal to "his arbitrary placement in the [Restricted Housing Unit]." (Amended Complaint at ¶ 49.) Accordingly, the court dismissed Butler's complaint. This appeal followed.[1]

We agree with the District Court that Butler has not exhausted his claims against Symons. We add only that although Butler maintains that he did eventually make the proper submissions, which were ignored, he has provided no support for this contention despite filing copies of numerous other administrative filings. Butler's contention that exhaustion should be waived because "the record demonstrates so much fraud"

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's dismissal of the complaint de novo. Buck v. Hampton Tp. School Dist., 452 F.3d 256, 260 (3d Cir. 2006).

(Objections to defendants' motion to dismiss at 15), is likewise unsupported. Thus, to the extent Butler is alleging that the prison grievance procedures have been "imposed in a way that offends the Federal Constitution or the federal policy embodied in § 1997e(a)," Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004), or that his administrative filings constitute "substantial" compliance, id., we are unpersuaded.

We also agree with the District Court that Butler's claims against Meyers and Kensington are time-barred and that Butler has not stated a claim of denial of access to the courts. Assuming arguendo that Butler has properly alleged that he suffered an injury as defined by Lewis v. Casey, 518 U.S. 343, 355 (1996), his claim fails because he has not adequately alleged causation, i.e. how the 25-page-per-week limit on purchases of bond paper or his placement in restrictive housing resulted in denial of access to the courts. Butler concedes that the commissary sells other types of paper (notebook filler, legal pads, etc.) which could be used to supplement his allowance of bond paper, but contends that these alternatives cannot "serve to supplement for a true and correct copy of legal material typed on bond paper." (Br. at 18.) However, he provides no support for this contention.[2] Nor does he explain why the library's sign-up policies or his placement in restrictive housing have denied him access to the courts.

Accordingly, we will affirm the judgment of the District Court.

_____

[2] The District Court notes that Butler has filed documents containing almost 500 pages in pursuing this action alone.